## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

FRANCES KAISER, GUILLERMO
AGUILERA, individually and on behalf of all
others similarly situated,

      Plaintiffs,

vs.

USF&G INSURANCE COMPANY, THE
TRAVELERS COMPANIES, and DOES 1-
100, inclusive

      Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

# 09-14406-CIV-GRAHAM/LYNCH

CASE NO.: _____

FILED by _**LH**_ D.C.
ELECTRONIC

**Dec 3 , 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## NOTICE OF REMOVAL

Defendants GeoVera Specialty Insurance Company ("GeoVera Specialty," formerly known as USF&G Specialty Insurance Company and improperly named as "USF&G Insurance Company"[1]) and The Travelers Companies, Inc. (improperly named as "The Travelers Companies"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of the captioned action, *Frances Kaiser v. USF&G Insurance Company et al.*, Civil Case No. 09-002582CA on the docket of the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida.

In support of their Notice of Removal, Defendants respectfully allege:

1.    On September 4, 2009, Plaintiffs Frances Kaiser and Guillermo Aguilera commenced the captioned action by filing a Complaint in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida.  A copy of the Complaint and all process,

---

[1] There is no legal entity by the name of "USF&G Insurance Company."  The entity that issued the insurance policies to both of the named Plaintiffs was USF&G Specialty Insurance Company, which is now known as GeoVera Specialty Insurance Company.

- 1 -

pleadings, and orders filed in the state court action are attached hereto as Exhibit A.

2.      A Summons and the Complaint were served on the Corporation Service Company, purportedly as agent for service of process of "USF&G Insurance Company," on November 3, 2009.

3.      A Summons addressed to Travelers Casualty and Surety Company and the Complaint were served on the Chief Financial Officer of the State of Florida, apparently as an attempt to effectuate service on the defendant named as "The Travelers Companies," on November 3, 2009.

4.      This Notice of Removal is filed within 30 days of the attempted service of the Complaint and is therefore timely under 28 U.S.C. § 1446(b).

5.      This action is removed based upon the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

## PARTIES

6.      Plaintiff Frances Kaiser is an individual domiciled in Jensen Beach, Florida. (Complaint, ¶ 1.)

7.      Plaintiff Guillermo Aguilera is an individual domiciled in Cape Coral, Florida. (Complaint, ¶ 2.)

8.      Defendant GeoVera Specialty Insurance Company (formerly known as USF&G Specialty Insurance Company and improperly named as "USF&G Insurance Company," a non-existent entity) is a corporation organized under the laws of Maryland with its principal place of business located at 4820 Business Center Drive, Suite 200, Fairfield, California 94534.

9.      Defendant The Travelers Companies, Inc., improperly named as "The Travelers Companies," although it has no contractual or other relationship with Plaintiffs, does not issue

- 2 -

insurance policies, and is not a proper defendant in this case, is a corporation organized under the laws of Minnesota, with its principal place of business located at 385 Washington Street, St. Paul, Minnesota 55102.

## PLAINTIFFS' ALLEGATIONS[2]

10.     This case is brought as a purported class action under Florida Rule of Civil Procedure 1.220.  (Complaint, ¶ 7.)  Plaintiffs allege that their properties were insured by Defendants, and that they made claims with Defendants for property damage occurring in or about September, 2004.  (Id., ¶¶ 1, 2, 12, 13.)  Plaintiffs allege that "[p]ursuant to the standard in the insurance industry, payment for GCOP [i.e., general contractor overhead and profit] is 'reasonably required' when the Defendnats' adjustment indicates the involvement of three or more trades in the repair of covered damages."  (Id., ¶ 10.)  Plaintiffs allege that Defendants improperly failed to include general contractor overhead and profit in making actual cash value payments on claims made by Plaintiffs and members of the putative class.  (Id., ¶ 11, 13.)

11.     Plaintiffs contend that Defendants breached insurance contracts with them and members of the putative class by failing to include general contractor overhead and profit in certain payments.  (Id., ¶ 25.)

12.     Plaintiffs seek to recover amounts allegedly owed under the policies for general contractor overhead and profit, plus interest, costs and attorneys' fees.  (Id. at p. 9.)

13.     Plaintiffs purport to bring this case on behalf of a class defined as: "All residential property insurance policyholders of Defendants: (1) who between September 5, 2004 and the present made a claim to the Defendants for damage to their residential property; (2) whose damage was covered by the Defendants; (3) whose adjustments prepared by Defendant indicate

---

[2] Defendants do not admit the underlying facts as alleged by Plaintiffs or as summarized herein. Defendants expressly deny that they have any liability to Plaintiffs.

the involvement of three or more trades in the repair of covered damages at the time of the adjustment[;] [and] (4) whose initial or 'ACV' payment failed to include general contractor overhead and profit." (Id., ¶ 15.)

## JURISDICTION UNDER CAFA

14.     Removal is proper under CAFA, 28 U.S.C. § 1332(d)(2), because this is a purported class action in which there is minimal diversity of citizenship and the aggregate amount in controversy exceeds $5,000,000.

15.     This case is a "class action" within the meaning of CAFA because it was brought under a state statute or rule, namely Fla. R. Civ. P. 1.220, authorizing an action to be brought by one or more representative persons as a class action. See 28 U.S.C. § 1332(d)(1)(B); Complaint, ¶¶ 15-16. CAFA is applicable "to any class action before or after the entry of a class certification order by the court with respect to that action." Id., § 1332(d)(8).

16.     This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. See id. § 1332(d)(2)(A).   The named Plaintiffs are citizens of Florida.   (Complaint, ¶¶ 1-2.) Defendant GeoVera is a citizen of Maryland and California (where it is incorporated and has its principal place of business, respectively).  Defendant The Travelers Companies, Inc. is a citizen of Minnesota (where it is incorporated and has its principal place of business).

17.     This case satisfies CAFA's amount in controversy requirement because the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2). CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  Id., § 1332(d)(6).  The amount sought for general contractor

- 4 -

overhead and profit, where applicable, is frequently calculated as 20% of the total estimated replacement cost of the damage to be repaired. The putative class as alleged is not restricted to Florida, but rather includes all residential property insurance policyholders nationwide who made insurance claims since September 5, 2004. (Complaint, ¶ 15.) Defendant GeoVera has received tens of thousands of property insurance claims since 2004 and has paid hundreds of millions of dollars in settlement of those claims. The aggregate amount in controversy with respect to Plaintiffs' claims on behalf of the purported class thus substantially exceeds $5 million.

18.     None of the exceptions to CAFA jurisdiction are applicable. None of the Defendants are citizens of the state in which the action was filed, i.e., Florida. Accordingly, Sections 1332(d)(3) and (d)(4) are inapplicable. Section 1332(d)(5)(A) is inapplicable because none of the Defendants are States, State officials or other governmental entities against whom the district court may be foreclosed from ordering relief. Section 1332(d)(5)(B) is inapplicable because the number of members of all proposed plaintiff classes in the aggregate is not less than 100. Section 1332(d)(9) is inapplicable because Plaintiffs' claims do not involve securities or the internal affairs or governance of a corporation or other form of business enterprise.

19.     Accordingly, this Court has original jurisdiction over this matter under CAFA.

### REMOVAL PROCEDURE

20.     A copy of this notice of removal is being served upon all known counsel of record, along with a copy of the Notice to the Clerk of Court for the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida, which is being filed simultaneously in that Court.

21.     A copy of all process, pleadings, and orders served upon Defendants in the state court action are attached as Exhibit A hereto.

**WHEREFORE**, Defendants hereby provide notice that this action is duly removed.

Respectfully Submitted,

REBECCA LEVY-SACHS (596124)
rsachs@rc.com
EUGENE P. MURPHY (638501)
emurphy@rc.com
ROBINSON & COLE LLP
1343 Main Street – Suite 400
Sarasota, FL  34236-5635
Tel.: 941/906-6850; Fax:  941/906-6851

Of Counsel:

STEPHEN E. GOLDMAN
sgoldman@rc.com
WYSTAN M. ACKERMAN
wackerman@rc.com
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel: 860/275-8200; Fax: 860/275-8299

*Attorneys for Defendants*
*GeoVera Specialty Insurance Company (formerly known as USF&G Specialty Insurance Company and improperly named as "USF&G Insurance Company") and The Travelers Companies, Inc.*

- 6 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by

overnight delivery to the following on this 2nd day of December, 2009:

Ronald S. Nisonson
Ward Damon Posner Pheterson & Bleau, PL
4420 Beacon Circle
West Palm Beach, FL 33407

Daniel S. Gruber
Gruber & Gruber
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403

Howard A. Snyder
Law Offices of Howard A. Snyder
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403

- 7 -

# EXHIBIT
# A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

TMM / ALL
Transmittal Number: 7119907
Date Processed: 11/04/2009

| | |
|---|---|
| Primary Contact: | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street,  MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| Entity: | United States Fidelity and Guaranty Company<br>Entity ID Number  1656855 |
| Entity Served: | USF&G Insurance Company |
| Title of Action: | Frances Kaiser vs. USF&G Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Martin County Circuit Court, Florida |
| Case Number: | 09002582CA |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 11/03/2009 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Ronald S. Nisonson<br>561-544-8980 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT IN AND FOR MARTIN COUNTY,
FLORIDA

CASE NO.: 09002582CA
JUDGE: Elizabeth A. Metzger

FRANCES KAISER, GUILLERMO
AGUILERA, individually and on behalf
of all others similarly situated,

        Plaintiffs,

vs.

USF&G INSURANCE COMPANY,
THE TRAVELERS COMPANIES,
and DOES 1-100, inclusive,
        Defendants.

_____/

ERIC LARSON
CERT. IN CIRCUIT COURT OF
2ND JUDICIAL CIRCUIT #063

          **SUMMONS**

**STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this
action on the defendant:

        **USF&G INSURANCE COMPANY by and through**
        **Platinum Underwriters Reinsurance, Inc.**
        **Corporation Service Company**
        **1201 Hays Street**
        **Tallahassee, FL 32301-2525**

    Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney,
whose name and address is:

        **Ronald S. Nisonson, Esquire**
        **Law Offices of Ward, Damon, Posner, Pheterson and Bleau, PL**
        **4420 Beacon Circle, Suite 100**
        **West Palm Beach, FL 33407**

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to
file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

      **DATED on** _____ 2009.

                             MARSHA EWING

NOTICE TO PERSONS WITH DISABILITIES    CLERK OF COURT
If you are a person with a disability who needs any accommoda-
tion in order to participate in this proceeding, you are entitled, at no
cost to you, to the provision of certain assistance. Please con-
tact Clerk of Court's Administration Division, 100 E. Ocean Blvd,
Ste. 203, Stuart, FL 34994, 772-288-5576 within 2 working days
of your receipt of this document. If you are hearing or voice impaired,
call 1-800-955-8771

(COURT SEAL)

LEVI JOHNSON

By _____
     Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a carbon copy or photocopy of your written response to the " Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, deve presentar su respuesta por escrito, incluyendo el numero del caso y los nomvres de las partes interesadas. Si usted no contesta la demnda a tiempo, pudics perder el caso y podria ser despojado de sus ingresos y propiendades, o prilvado de sus derechos, sin previo aviso del tribunal. Existen otrcs requisiltos leglales. S no conoce a un aogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presemta su respuesta antel el tibuanal, devera usted enviar por correo o entregar una copia de sue respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demkndante o Abogado del Demandante).

## IMPORTANT

Des poursuites judicaiares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre wreponse ecrite,avec mention du numero de dossire ci-dessus et du nome des parties nommees ici, si vous shouhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainse que bkotre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediate d'un avocat. Si vvous ne connaissez pas d'avacat, vous pourriez telephoner a un servic de reference d'avacats ou a un burea d' assitance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**SLM / ALL**
**Transmittal Number: 7128863**
**Date Processed: 11/06/2009**

| | |
|---|---|
| **Primary Contact:** | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street, MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Travelers Casualty and Surety Company<br>Entity ID Number 2317366 |
| **Entity Served:** | Travelers Casualty and Surety Company |
| **Title of Action:** | Frances Kaiser vs. USF&G Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Martin County Circuit Court, Florida |
| **Case Number:** | 09-002582CA |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 11/06/2009 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Dept of Financial Services-FL on 11/03/2009 |
| **How Served:** | Electronic SOP |
| Sender Information: | Ronald S. Nisonson<br>561-544-8980 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services



09-60991

FRANCES KAISER, GUILLERMO
AGUILERA, IDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED

CASE #:     09 002582 CA
COURT:     CIRCUIT COURT
COUNTY: MARTIN
DFS-SOP#: 09-60991

PLAINTIFF(S),

VS.
USF&G INSURANCE COMPANY, THE TRAVELERS COMPANIES,
and DOES 1-100, INCLUSIVE,
TRAVELERS CASUALTY AND SURETY COMPANY

DEFENDANT(S).
_____/
SUMMONS, COMPLAINT(CLASS ACTION), EXHIBIT

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by PROCESS SERVER
on the 3rd day of November, 2009 and a copy was forwarded by Electronic Delivery on the 6th
day of November, 2009 to the designated agent for the named entity as shown below.

    TRAVELERS CASUALTY AND SURETY COMPANY
    LYNETTE COLEMAN   (gbarber@cscinfo.com)
    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE FL 32301

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

RONALD S. NISONSON, ESQUIRE
SUITE 100
4420 BEACON CIRCLE
WEST PALM BEACH FL 33407

LMK

Division of Legal Services - Service of Process Section
200 East Gaines Street  - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544

13 of 34

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT IN AND FOR MARTIN COUNTY,
FLORIDA

CASE NO.: 09002582CA
JUDGE: Elizabeth A. Metzger

FRANCES KAISER, GUILLERMO
AGUILERA, individually and on behalf
of all others similarly situated,

Plaintiffs,

vs.

USF&G INSURANCE COMPANY,
THE TRAVELERS COMPANIES,
and DOES 1-100, inclusive,
Defendants.

_____/

**SUMMONS**

ERIC LARSON
CERT. IN CIRCUIT COURT OF
2ND JUDICIAL CIRCUIT #063

**STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on the defendant:

**TRAVELERS CASUALTY AND SURETY COMPANY**
**Chief Financial Officer**
**200 East Gaines Street**
**Tallahassee, FL 32399**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, whose name and address is:

**Ronald S. Nisonson, Esquire**
**Law Offices of Ward, Damon, Posner, Pheterson and Bleau, PL**
**4420 Beacon Circle, Suite 100**
**West Palm Beach, FL 33407**

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ____10/27____ MARSHA EWING

**CLERK OF COURT**

LEVI IOHNSON

By _____
Deputy Clerk

NOTICE TO PERSONS WITH DISABILITIES
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Clerk of Court's Administration Division, 100 E. Ocean Blvd., Ste. 200, Stuart, FL 34994, 772-288-5576 within 2 working days of your receipt of this document. If you are hearing or voice impaired, call 1-800-955-8771




## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a carbon copy or photocopy of your written response to the " Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, deve presentar su respuesta por escrito, incluyendo el numero del caso y los nomvres de las partes interesadas. Si usted no contesta la demnda a tiempo, pudies perder el caso y podria ser despojado de sus ingresos y propiendades, o prilvado de sus derechos, sin previo aviso del tribunal. Existen otros requisiltos leglales. S no conoce a un aogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presemta su respuesta antel el tibuanal, devera usted enviar por correo o entregar una copia de sue respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demkndante o Abogado del Demandante).

## IMPORTANT

Des poursuites judicaiares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre wreponse ecrite,avec mention du numero de dossire ci-dessus et du nome des parties nommees ici, si vous shouhaitez que le tribuanl entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainse que bkotre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediate d'un avocat. Si vvous ne connaissez pas d'avacat, vous pourriez telephoner a un servic de reference d'avacats ou a un burea d' assitance juridique (figurant a l'annuaire de telephones).

Si vous choisessez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**IN THE CIRCUIT COURT OF THE NINTEENTH JUDICIAL CIRCUIT IN AND FOR MARTIN COUNTY, FLORIDA**

FRANCES KAISER,
GUILLERMO AGUILERA, individually
and on behalf of all
others similarly situated,

        Plaintiffs,

v.

USF&G INSURANCE COMPANY,
THE TRAVELERS COMPANIES
and DOES 1-100, inclusive

        Defendants.

_____/

CIVIL DIVISION:

CASE NO; 09 - 002582 CA
JUDGE: ELIZABETH A. METZGER

FILED FOR RECORD
MARTIN CO., FL
2009 SEP -4 PH 1:25
MARSHA EWING
CLERK OF CIRCUIT COURT
BY_____
D.C.

## COMPLAINT
## (CLASS ACTION)

The Plaintiffs, FRANCES KAISER and GUILLERMO AGUILERA (the "Plaintiffs"), on behalf of themselves and all others similarly situated, file this class action complaint pursuant to Rule 1.220(a),(b)(2) and (b)(3), seeking monetary, relief for the Plaintiffs and the class they represent against USF&G and THE TRAVELERS COMPANIES (Hereinafter "DEFENDANTS").

### PARTIES

1.    Plaintiff, FRANCES KAISER is a citizen and resident of Jensen Beach Florida. FRANCES KAISER is the owner of a home located at 2181 NE Park Street, Jensen Beach, Florida 34957 was at all times relevant hereto insured by Defendants, pursuant to a residential property insurance policy, No. GH40011858, Claim No. GCPDUS017159.

2.      Plaintiff, GUILLERMO AGUILERA is a citizen and resident of Jensen Beach Florida. Plaintiff GUILLERMO AGUILERA is the owner of a home located at 119 SW 21st Terrace, Cape Coral, Florida 33991 was at all times relevant hereto insured by Defendants, pursuant to a residential property insurance policy, No. GH30066070, Claim No.: GCPDUSO15125

3.      The TRAVELERS COMPANIES issued policies to the Plaintiffs through its subsidiary USF&G.   The Putative Class is comprised of policy holders of the TRAVELERS COMPANIES and USF&G.

4.      USF&G INSURANCE COMPANY, is a TRAVELERS COMPANY and at all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of Maryland, carrying on the business of insurance within the State of Florida.

5.      Defendants utilize a standard form of residential or homeowner insurance policy throughout the United States.  Defendants' policyholders each have the same rights and obligations under the terms of the standard form policy it issues to its insureds.   The identical policy provisions in the standard form policy give rise to Defendants' obligation to pay General Contractor Overhead and Profit (hereinafter "GCOP") nationally.

6.      Plaintiffs are informed and believe, and thereon allege, that Defendant DOES 1 to 50 are, and all relevant times hereto were, corporations and/or business entities qualified to carry on the business of insurance and that DOES 51 to 100 were the agents of and/or employees of the remaining Defendants, and were at all times herein mentioned acting within the course and scope of such agency and employment.

2

## JURISDICTION AND VENUE

7.      This is a class action brought under Florida Rules of Civil Procedure 1.220(a), (b)(2), and (b)(3), seeking monetary, relief for the individual Plaintiffs herein and the class they represent.

## CONDUCT GIVING RISE TO CLAIMS FOR RELIEF

8.      Defendants are engaged in a company-wide corporate scheme by which it wrongfully reduced the lawful benefits payable to its insureds pursuant to the policies of insurance it issued. In particular, the Defendants knowingly exclude payment for GCOP when "reasonably required" from all of its insureds' initial or actual cash value payments.

9.      Defendants' standard form policy of residential insurance is completely silent with respect to the legal obligation to include payment for GCOP. Defendants' standardized insurance policy is therefore ambiguous with respect to its legal obligations pertaining to GCOP.

10.     The legal decisions involving GCOP require that it be included in the insureds' "ACV" or upfront payment when "reasonably required." Pursuant to the standard in the insurance industry, payment for GCOP is "reasonably required" when the Defendants' adjustment indicates the involvement of three or more trades in the repair of covered damages. Defendants have a written guideline which specifically excludes GCOP from all of its insureds' "ACV" or upfront payment until *after* the expense of a general contractor has been incurred and repairs performed. This guideline sets forth Defendants' illegal coverage position and is a violation of the law. A true and correct copy of this guideline is attached hereto as Exhibit 1.

3

11.    Defendants deny that coverage exists for GCOP unless the expense is incurred by the insured as stated in its policy guidelines (Exhibit 1), and excludes coverage from all insureds, in compliance with the attached written instructions to its adjusters.  In fact, Defendants fail to pay GCOP at any time to the vast majority of its insureds.  Defendants' "coverage" position, i.e. that GCOP is owed only after repairs are performed and the expense incurred, is in direct conflict with its legal obligation.  As a direct and proximate result of the aforesaid conduct by Defendants, insureds who have claims for damage under residential or homeowner insurance policies issued by Defendants, including the Plaintiffs and all others similarly situated, the Putative Class Members, have failed to receive benefits for GCOP that they were legally entitled to receive.

## THE CLAIM FOR RELIEF OF PLAINTIFFS

12.    In or about September, 2004, Plaintiffs suffered damage to their residential properties and personal property covered under said insurance policy.

13.    Following the loss each of the Plaintiffs each made a claim for benefits, pursuant to their policy of insurance issued by defendants, for damages to their residence and personal property.  Following the initiation of the claim, the Defendants assigned an adjuster to determine the scope of the covered damage to the home of each Plaintiff.  The adjuster prepared a scope of loss or adjustment for each of the Plaintiffs which identified the items of damage resulting from the loss and listed the trades which would be required to complete the covered repairs.  Significantly, pursuant to a company-wide coverage decision, Defendants excluded payment for GCOP from all insureds' initial or "ACV" payments.

4

14.     In accordance with the standard in the insurance industry, GCOP is "reasonably required" when the adjustment indicates the involvement of "three or more trades" and **must** be included in the insureds' "ACV" or upfront payment. Defendant has taken a "coverage position" as to all of its insureds to exclude payment for GCOP whether "reasonably required" or not and is in breach of the legal obligation to include GCOP in its insureds' upfront payment, prior to repairs and irrespective of whether the insured actually incurs the expense.

## CLASS REPRESENTATION ALLEGATIONS

15.     The Plaintiffs seek certification of a class (hereinafter the "Class"), pursuant to Rule 1.220 of The Florida Rules of Civil Procedure, which is defined as follows:

> All residential property insurance policyholders of Defendants:
>
> (1) who between September 5, 2004 and the present made a claim to the Defendants for damage to their residential property;
>
> (2) whose damage was covered by the Defendants;
>
> (3) whose adjustments prepared by Defendant indicate the involvement of three or more trades in the repair of covered damages at the time of the adjustment.
>
> (4) whose initial or "ACV" payment failed to include general contractor overhead and profit.

All directors, officers, agents and/or employees of defendants, are to be excluded from the Class.

16.     This action is properly brought as a class action under Florida Rules of Civil Procedure, Rule 1.220 for the following reasons:

5

(a)     Although the Plaintiffs are unaware of the exact number of Class Members, the Plaintiffs believe, and therefore allege, that Class Members number in the thousands and are so numerous that joinder of all members is impracticable.

(b)     There is a well defined community of interest in the questions of law and fact raised in this complaint between the Plaintiffs herein and the Class. Questions of law and fact common to the Class Members predominate over any questions which may affect only individual members, in that defendants acted in the same wrongful and unlawful manner, adopted the same illegal coverage position and committed the same wrongful practices against the entire Class. Among the questions of law and fact common to the entire Class are:

> (1)     Whether the Plaintiffs were entitled to payment for general contractor overhead and profit where their adjustment indicates the involvement of three or more trades in the repair of their covered damage.
>
> (2)     Whether Defendant's failure to pay GCOP constitutes a breach of contract;

17.     Typicality.     The claims of Plaintiffs are typical of the claims of the Class. Plaintiffs' claims are based on the same common facts, including the same policy of Defendant applicable to all its insureds, and the same legal theories. The common questions of law and fact alleged above are shared by the Plaintiffs and the class and the determination of said common questions is largely dispositive of the case other than a mathematical and formulaic calculation based upon Defendant's own adjustments.

18.     The Plaintiffs herein will fairly and adequately protect the interests of the Class Members. The Plaintiffs have no interest antagonistic to those of other Class Members, and the Plaintiffs have retained attorneys experienced in class action and

6

complex litigation as counsel.

19. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) The Class is so numerous that it is impractical to bring all Class Members before the court;

(c) Given the size of individual Class Members' claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs the Defendants committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions. Thus, the Plaintiffs and the other Class Members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(d) This action will promote an orderly and expeditious administration and adjudication of the Class claims; economies of time, effort and resources will be fostered; and uniformity of decisions will be ensured;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties and in obtaining adequate compensation for the damages and injuries which the actions of Defendants have inflicted upon the Class;

(f) When the liability of the defendants has been adjudicated, claims of all Class Members can be administered efficiently and/or determined by the Court;

7

(g)     Without class certification, the Class Members will continue to suffer damages, and the violations of law of defendants will proceed without remedy, while said Defendants will continue to reap and retain the substantial proceeds of its wrongful conduct;

(h)     Without class certification, the prosecution of separate actions by individual Class Members would create the risk of:

(1)     Inconsistent and varying adjudications with respect to the individual Class Members, which would establish incompatible standards of conduct for the Defendants; and/or

(2)     Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including, but not limited to, the potential for exhausting the funds available from Defendants to provide a remedy for its wrongful conduct.

20.     The Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## COUNT I - **Breach of Contract**

21.     The Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 20 above, as if fully set forth herein.

22.     Defendants issued and entered into standard forms of residential property insurance policy contracts with the Plaintiffs and the Class Members and were obligated to comply with the law regarding the issuance of property insurance policies and the handling of claims arising therefrom.

8

23.     The Plaintiffs' and each Class Member's residential property insurance policy was valid and enforceable at the time of the adjustment of the Plaintiffs' and each Class Member's claim for damage and at all other times relevant hereto.

24.     At all times relevant hereto, all conditions precedent to Defendants, liability under the standardized forms of residential property insurance policies have been performed, including the payment by Plaintiffs and the Class Members of all premiums necessary to keep the policies in effect during all times relevant hereto.

25.     Defendants materially breached the terms of the standardized residential property policy contract with the Plaintiffs and the Class Members by, among other things, (1) excluding GCOP from its initial or upfront payment to Plaintiffs and the Putative Class Members.

26.     As a proximate result of Defendants aforesaid material breaches of the residential property insurance policy contracts, the Plaintiffs and the Class Members have been damaged in an amount to be determined at trial, plus interest as allowed by law.

**WHEREFORE,** Plaintiffs and each of the Class Members demand judgment against Defendants for compensatory damages for GCOP wrongly excluded or withheld from the loss payments due to the Plaintiffs and the Class Members; costs and expenses of litigation, including reasonable attorneys' fees, experts' fees, and other costs; pre-judgment interest and post-judgment interest as provided by law; and such other and further relief as may be just and proper.

9

## JURY DEMAND

The Plaintiffs, for themselves and on behalf of all Class Members, demand a trial

by jury on all issues that may be so tried.

Dated: September 4, 2009
West Palm Beach, Florida

RONALD S. NISONSON
FBN: 79405
**RONALD S. NISONSON, P.A.**
120 East Palmetto Park Road
Suite 100
Boca Raton, Florida 33432
Office (561) 544-8980
Fax (561) 544-8980
Local Counsel for Plaintiffs

-and-

DANIEL S. GRUBER, ESQ.
**GRUBER & GRUBER**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Office (818) 981-0066
Fax (818) 981-2122
Co-Counsel for Plaintiffs
(Subject to *Pro Hac Vice* admission)

HOWARD A. SNYDER, ESQ.
**LAW OFFICES OF HOWARD A. SNYDER**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Office (818) 461-1790
Fax (818) 461-1793
Co-Counsel for Plaintiffs
(Subject to *Pro Hac Vice* admission)

10

# **EXHIBIT   1**

4

09/04/2004 · 14:27    9843326514                NCA JAX                         PAGE  83

 **ST PAUL TRAVELERS**          **ESTIMATING COMPONENTS**           (08/18/2004)

### IA Estimating Guidelines

### I. Scope of Damages

Every claim with building damage should have a computer generated estimate of damages based on the IA's own scope. An appropriate scope of damage (scope notes) should be completed on each loss.

Scope notes should include a detailed assessment of the damage and the required repair/replacement functions by room/area with measurements and any necessary diagrams.

Photographs should be taken of damaged area(s), along with a front view of the building.

If flood is involved, photos need to be taken of the flood line inside and outside of the home. If siding is involved, please take photograph with tape reflecting the size of the exposure. i.e. double 4, 5 etc...

### II. Accurate Measurements

The estimate should include the correct identification and accurate measurements of the room, damaged area, or building component being repaired / replaced. Rooms should not be squared off and deduction for phantom walls must be taken.

### III. Accurate Quantity of Materials

The estimate should include the proper quantity of material needed to facilitate repairs using standard industry accepted building estimating practices.

### IV. Proper Repair/Replacement Method

The estimate should properly reflect the repair and/or replacement operation(s) applicable for the damage sustained. Were all the industry accepted repair procedures considered before full replacement is allowed?

### V. Appropriate Pricing

The estimate should reflect accurate pricing for the type and quality of materials being repaired or replaced.

Unit cost estimates should reflect prevailing rates for the quality of material being replaced.

### VI. Profit & Overhead

In most cases, profit & overhead should only be paid when repairs are completed by a General Contractor and the expense is incurred. Generally, unit cost prices are sufficient to cover a trade contractors overhead and profit.

### VII. Lump Sums

Lump sums, if used at all, should be supported by a detailed breakdown of material / labor, or other appropriate documentation. Minimum charges are acceptable when they are appropriately applied.

IN THE CIRCUIT COURT
OF THE NINTEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, STATE OF FLORIDA

CASE NO.: 09-002582CA

FRANCES KAISER, GUILLERMO
AGUILERA, individually and on behalf of all
others similarly situated,

      Plaintiffs,

vs.

USF&G COMPANY, THE TRAVELERS
COMPANIES, and DOES 1-100, inclusive

      Defendants.



_____/

## AGREED MOTION FOR EXTENSION OF TIME

The Defendants, pursuant to Florida Rule of Civil Procedure 1.090(b), hereby moves the

Court for an extension of time within which to answer or otherwise respond to Plaintiffs'

Complaint and as grounds states as follows:

    1.    Initial process including Plaintiffs' Complaint was served on Defendants on

November 3, 2009.

    2.    The time for Defendants to serve a responsive pleading to Plaintiffs' Complaint is

presently November 23, 2009.

    3.    Based upon Defendants' need of additional time, Defendants seek a reasonable

extension of time to serve an answer or other response to Plaintiffs' Complaint to December 23,

2009.

    4.    The undersigned has personally conferred with Ronald S. Nisonson, Esq., counsel

for Plaintiffs, who agrees to the requested extension.

10105155-v1

5.     Attached hereto as Exhibit A is a proposed Order for the Court's consideration.

WHEREFORE, Defendants respectfully request the time for Defendants to answer or otherwise respond to Plaintiffs' Complaint be extended to December 23, 2009.

Respectfully Submitted,

ROBINSON & COLE LLP

CHRISTOPHER J. KAISER
Fla. Bar. No. 0013000
ckaiser@rc.com
1343 Main Street – Suite 400
Sarasota, FL  34236-5635
Tel.: 941/906-6850; Fax:  941/906-6851

STEPHEN E. GOLDMAN
(subject *pro hac vice* admission)
sgoldman@rc.com
WYSTAN M. ACKERMAN
(subject *pro hac vice* admission)
wackerman@rc.com
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel: 860/275-8200; Fax: 860/275-8299
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by regular U.S. Mail to the following on this 20th day of November, 2009:

Ronald S. Nisonson, Esq.
Ward Damon Posner Pheterson & Bleau, PL
4420 Beacon Circle
West Palm Beach, FL 33407
Fax: 561-842-3626

Daniel S. Gruber, Esq.
Gruber & Gruber
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Fax: 818-981-2122
(subject *pro hac vice* admission)

Howard A. Snyder, Esq.
Law Offices of Howard A. Snyder
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Fax: 818-461-1793
(subject *pro hac vice* admission)

CHRISTOPHER J. KAISER
Fla. Bar. No. 0013000
ckaiser@rc.com
ROBINSON & COLE LLP
1343 Main Street – Suite 400
Sarasota, FL 34236-5635
Tel.: 941/906-6850; Fax: 941/906-6851
*Attorney for Defendants*

3

# EXHIBIT A

IN THE CIRCUIT COURT
OF THE NINTEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, STATE OF FLORIDA


CASE NO.: 09-002582CA

FRANCES KAISER, GUILLERMO
AGUILERA, individually and on behalf of all
others similarly situated,

       **Plaintiffs,**

vs.

USF&G COMPANY, THE TRAVELERS
COMPANIES, and DOES 1-50, inclusive

       **Defendants.**

_____/

## ORDER

    Defendants' Agreed Motion for Extension of Time is hereby granted. The Defendants

shall answer or otherwise respond to Plaintiffs' Complaint on or before December 23, 2009.

    **DONE AND ORDERED** this _____ day of November, 2009.


                        _____

                        Hon. Elizabeth A. Metzger
                        Circuit Judge


Copies to:
Counsel of record.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

FRANCES KAISER, GUILLERMO       :
AGUILERA, individually and on behalf of all    :
others similarly situated,       :
                                 :   CASE NO.: _____
        Plaintiffs,              :
                                 :
vs.                              :
                                 :
USF&G INSURANCE COMPANY, THE     :
TRAVELERS COMPANIES, and DOES 1- :
100, inclusive                   :
                                 :
        Defendants.              :

## ATTACHMENT TO CIVIL COVER SHEET

**Plaintiff's attorneys:**

Ronald S. Nisonson
Ward Damon Posner Pheterson & Bleau, PL
4420 Beacon Circle
West Palm Beach, FL 33407
Tel.: 561/842-3000; Fax: 561/842-3626

Daniel S. Gruber
Gruber & Gruber
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Tel.: 818/981-0066; Fax: 818/981-2122

Howard A. Snyder
Law Offices of Howard A. Snyder
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Tel: 818/461-1790; Fax: 818/461-1793

**Defendants' attorneys:**

Rebecca Levy-Sachs (596124)
rsachs@rc.com
Eugene P. Murphy (638501)
emurphy@rc.com
ROBINSON & COLE LLP
1343 Main Street – Suite 400
Sarasota, FL  34236-5635
Tel.: 941/906-6850; Fax:  941/906-6851

Of Counsel:

Stephen E. Goldman
sgoldman@rc.com
Wystan M. Ackerman
wackerman@rc.com
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel: 860/275-8200; Fax: 860/275-8299

**09-14406-CIV-GRAHAM/LYNCH**

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Frances Kaiser, Guillermo Aguilera, individually and on behalf of all others similarly situated | USF&G Insurance Company, The Travelers Companies, and Does 1-100 (note: improperly named defendants) |

**(b)** County of Residence of First Listed Plaintiff   Martin County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Solano County, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ronald S. Nisonson, Ward Damon Posner Pheterson & Bleau, PL,
4420 Beacon Circle
West Palm Beach, FL 33407, (561) 842-3000

Attorneys (If Known)

Eugene P. Murphy, Robinson & Cole, LLP, 1343 Main Street, Suite 400, Sarasota, FL 34236 (941) 906-6850

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☑ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

FILED by  LH  D.C.

ELECTRONIC

**Dec 3 , 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Re-filed (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO      b) Related Cases ☐ YES ☑ NO

JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Plaintiffs brought a class action alleging breaches of insurance contracts. Removal is proper pursuant to 28 U.S.C. s. 1332(d)(2) ("Class Action Fairness Act of 2005")

LENGTH OF TRIAL via   10   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
December 2, 2009

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 235353   IFP